**FILED**

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER RUGGIERO,
1235 PINE ST, APT. 5,
PHILADELPHIA, PENNSYLVANIA 19107
215-479-0526

VS.

GEORGE W. BUSH,
PRESIDENT OF THE UNITED STATES,
WHITE HOUSE 1600 PENNSYLVANIA AVE. N. W.
WASHINGTON, D. C. 20500 AND/OR SUCCESSOR

ALBERTO R. GONZALES
ATTORNEY GENERAL OF THE UNITED STATES,
U. S. DEPARTMENT OF JUSTICE 950 PENNSYLVANIA AVE N. W.
WASHINGTON, D. C. 20530-0001 AND/OR SUCCESSOR

DAVID SHOAR,
SHERIFF OF ST. JOHNS COUNTY FLORIDA
ST. JOHNS COUNTY SHERIFFS DEPARTMENT AND DETENTION CENTER
4015 LEWIS SPEEDWAY, ST. AUGUSTINE FL.
32084 AND/OR SUCCESSOR

MONICA L. JONES,
AKA FLYNN, LEIGH, RUGGIERO, FORMER WIFE
102 DOUGHTY AVENUE, GREENVILLE TN 37745

Case: 1:07-cv-00547
Assigned To : Walton, Reggie B.
Assign. Date : 03/19/2007
Description: RUGGIERO V. BUSH



PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR
INJUNCTIVE RELIEF, DECLARATORY AND OTHER RELIEF
RESPONDENTS, ALL SUED IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES EVIDENTIARY HEARING REQUESTED.
THREE JUDGE DISTRICT COURT REQUESTED

CHRISTOPHER RUGGIERO SR.
1235 PINE ST. APT. 5
PHILADELPHIA, PA. 19107

1

## 1. **PARTIES**

1.1 Christopher Ruggiero is a natural born citizen of the
sovereign state of New York and the United States of
America who is an aggrieved party who has not been afforded
and maliciously deprived of United States Constitutional
guarantees by the aforementioned parties above and the
Seventh Judicial Circuit Court, Fifth District Court of
Appeals and Supreme Courts of Florida based on and derived
from the Violence Against Women Act of 1994 and its
successor laws and/or reauthorizations. Further he has been
detained, deprived of liberty illegally and
unconstitutionally on three occasions the last where
petitioner was sentenced "indefinitely" by the Seventh
Judicial Circuit Court. Petitioner has been denied his
constitutional rights by both Dependency and Family Florida
courts, He is also the father of eight children  A. C., A.
L., C. M., C. L., M. R., E. J., V. W., M. A., Ruggiero all
of which have not been afforded and maliciously deprived of
United States Constitutional guarantees by aforementioned
parties above, the Seventh Judicial Court, Fifth District
court of Appeals, and Supreme Court of Florida based on or
derived from the Violence Against Women Act of 1994 and its
successor laws and/or reauthorizations and some of who are
currently detain illegally.   In both Florida Dependency

CJA02-1025 and Family CA97-541 Florida State Courts, Seventh Judicial circuit St. Augustine, St. Johns County, Florida from 1997 until present. Petitioner has not been granted hearings, participation in hearings or fair hearings by the same Judge, John Alexander who has been presiding over both cases since 1997. Judge John Alexander Abated into the family court file CA97-541 the Violence Against Women's Act. Petitioner was unknowingly denied constitutional guarantees by other Florida County and State judges, officials and public agencies sited above under jurisdiction of the Violence Against Women Act of 1994 and its successor laws and/or reauthorizations. Petitioner was denied the right to subpoena witness into court and petitioners witness were excused by the court when lawfully subpoenaed. Petitioner has been denied legal counsel. Based on petitioners mental health under Federal and State law he was entitled to at the very least a hearing to determine legal counsel. Petitioner has had his Visitation Rights temporary suspended since 1997. Petitioner abiding by Florida law filed proper Child Support Modification papers under CA97-541 and has never been granted a hearing even though the Fifth District Court of Appeals in Daytona Florida determined it appeared he was denied one. Petitioner has been mulishly denied due process of law by aforementioned parties above. Additionally petitioner was denied participation in St. Johns County Florida State Dependency court proceedings even though he appeared

3

voluntarily CJA02-1025 that placed his children illegally and unconstitutionally in foster care. Petitioner was denied discovery. Petitioner was denied his right to exonerate himself by redressing prior erroneous adjudications under CA97-541 and establishing the truth when the children were taken into the Dependency custody. Petitioner was told by the State of Florida Judicial branch that he was not entitled to legal counsel and then was unconstitutionally denied the right to properly represent himself in both the Circuit court, Appeals court and Supreme Court. Petitioners children were either sexually assaulted, abused, neglected, victims of witness tampering, illegally and unconstitutionally housed and/or detained, unconstitutionally deprived of education, unconstitutionally denied access to their siblings and their father or other family members while under the legal jurisdiction of Florida case No. CJA02-1025 and/or CA97-541. Petitioner and petitioners children were also denied their constitutional rights by the Federal Bureau of Investigation, Jacksonville to investigate complaints by petitioner under Color of Law stating in a letter to petitioner they would put complaint on "file" Furthermore while trying to participate in Florida State Dependency court proceedings CJA02-1025 Petitioner has had his Shared Parental Responsibility/Joint custody taken away Illegally and unconstitutionally simultaneously in CA97-541 in illegal proceedings conducted by the same judge, John

4

Alexander who denied Christopher Ruggiero due process of law and other constitutional guarantees in Florida dependency court and State Family Court St. Johns County CA97-541. John M. Alexander allowed petitioners daughter to be sexually molested for three years and abused and his other children to be physically abused and neglected through gross misconduct. Petitioner was illegally and unconstitutionally denied an unbiased and impartial judge in all of the proceeding under CA97-541 and CJA02-1025. Petitioner was forced to meet criteria set forth by the Seventh Judicial Circuit court only to have the court change the conditions Ad Infinitum to resume visitation and petitioner has been restrained from seeing his children illegally and unconstitutionally, Petitioner was found in Civil Contempt while he was appealing CJA02-1025 Florida State Family Court under CA97-541 and ordered detained "indefinitely" or pay a purge of 10,000 and is "in custody" of the St. Johns County Sheriff Detention Center because he is not free to travel into or out of the State of Florida, care for his children who reside there, see them, See his 80 year old mother or legally represent himself, his rights or legal claims like any other free citizen of these United States without being further restrained and detained and remanded to the St. Johns County Detention Center. <u>Jones v. Cunningham.</u> 371 U. S. 236(1963) <u>Garlotte V. Fordice.</u> 515 U.S. 39 (1995) Maleng v. Cook 490 U.S. 488, 492 (1989) (per curiam) (court has very liberally construed the 'in

custody' requirement for purposes of federal habeas and found 'custody' whenever petitioner suffers from [some] present restraint from a conviction' see generally supra ss 2.2n 13. 2,4 Petitioner is further in fear of his life and safety of his person in and around St. Johns County, St Johns County Detention Center by Law officials and private citizens involved with law officials. Further petitioner Christopher Ruggiero was deprived of his constitutional rights by aforementioned parties in St. Johns County under the Violence Against Women Act of 1994, 2000, 2005 respectively From march 1997 until present. Petitioner was also deprived of his Constitutional rights guaranteed by the constitution of these United States by aforementioned parties located in St. Johns County Florida. After trumped up charges by the department of children and families were dismissed against petitioner, Petitioner was a victim of coercion to give his daughter up for adoption by the Department of Children and Families while he was being illegally detained at St. Johns County Detention Facilities. Petitioner and his children were victims of psychological and physical torture by aforementioned parties above. Petitioner and his children were victims of witness tampering by the aforementioned parties above. Petitioner and his children were denied Medical Treatment by the aforementioned parties above. Due to ineffective assistance of counsel and petitioners mental health he reserves the right to claim undisclosed claims and unknown

claims unless the court deems otherwise.

George W. Bush, President of the United States, White House 1600 Pennsylvania Ave. N. W. Washington, D. C. 20500 signed and executed legislation entitled "Violence Against Women and Department of Justice Reauthorization Act of 2005 PUBLIC LAW NO: 109-162 and its predecessor public law 103-322 which is not only discriminatory but in violation of the Constitution of the United States was utilized from 1997 until present to deprive Christopher Ruggiero and his eight children of their constitutional rights.

Alberto R. Gonzales is the Attorney General of the United States, U. S. Department of Justice 950 Pennsylvania Ave N. W. Washington, D. C. 20530-0001 and oversees the Implementation of the unconstitutional Violence Against Women Act which deprived Christopher Ruggiero and his eight children A. C., A. L., C. M., C. L., M. R., E. J., V. W. and M. A. Ruggiero's rights guaranteed under the constitution of the United States and other United States Citizens of their Constitutional Rights, to due process of law and constitutional protections.

David Shoar is Sheriff of the St. Johns County Sheriffs Department and Detention Center 4015 Lewis Speedway, St. Augustine Fl. 32084 St. Johns County who has been ordered to detain and remand petitioner to the St. Johns County

7

Detention Center by a Florida State Court and whose
department and Legal counsel has violated petitioners and
petitioners children's constitutional rights and denied
constitutional rights concerning CJA02-1025 and CA97-541.
Further petitioner is concerned for his safety and well-
being by lawyers and some deputies and or inmates directed
by deputies in detention of the St. Johns County Detention
center and has previously complained to former sheriff
Perry to this effect concerning abuse by deputies on staff
who have violated petitioners and petitioners children's
constitutional rights.

Monica Leigh Jones a.k.a. Flynn, Leigh, Ruggiero is
petitioner's former wife who violated petitioners
constitutional rights and petitioners children's
constitutional rights in Saint Augustine Fl. By bearing
false witness, coercion of minor children to not tell about
their sister being sexually abused by Ms. Jones half
brother
and conspiring with her divorce attorney/Paramour/Husband
Evert F. Jones Esq. to mislead public agencies, I.E.
sheriff, Domestic Violence Agencies, police, schools,
representatives and members of the Seventh judicial circuit
court and others into believing that Monica Leigh's person
and children were real victims of domestic violence.

## 2. **JURISDICTION**

2.1. This action arises under the Constitution, Laws and
Treaties of the United States, including Articles I, II,
III, and VI of the United States Constitution and the 1st,
$4^{th}, 5^{th}, 6^{th}, 7^{th}, 8^{th}, 14^{th}$, Amendments to the Constitution and
Color of Law, Title 18, U.S.C. section 21 (Conspiracy
against Rights) title 18,U>S>C> Section 242 (Deprivation of
Rights Under Color of Law) Title !8, U>S>C> Section 1001,
(False Statements and or entries Generally) and title 42,
U.S.C. Section 14141 (Pattern and Practice).  The All Writs
Act (28 U.S.C. ss 1651 ), 42 U.S.C. this court processes
subject matter jurisdiction under 28 U.S.C.ss 1361 and
1391, 5 U.S.C. ss 702 as well as the Habeas Corpus Statute,
28, U.S.C. ss 2241, and the All Writs Act, 28 U.S.C.ss 1651
and the supreme Court confirmed "the fundamental right of a
citizen to be free from involuntary, indefinite confinement
by his government without due process" See hamdi v.
Rumsfeld, 124S. Ct.2633,2647,(2004); id. at 2661 (Scalia,
J., dissenting) and Omar Abu Ali, et al., v. John Ashcroft
in the U.S. District Court for the District of Columbia

2.1  Case is not moot because A Oyler v. Allenbrand, 23 F.
3d 292, 294 (10 cir), cert, denied, 513 U.S. 909 1994 case
is not moot because petitioner has , is and will suffer
collateral consequences in regards to his visitation, and
custody of his children and in regards to any future
petitions that might involve his grandchildren and the

9

personal harm it has done to him currently as people want
to know why petitioner is not allowed to see his children.
Nakell v. Attorney General, 15 F. 3d 319, 322-23 (4th
Cir1994) Depompei v. Ohio Adult Parole auth., 999 f, 2d
138, 140 (6th Cir. 1993)"and that the mere possibility that
such [collateral] consequences could exist is sufficient to
preserve a live controversy", United States v. Smith, 997
F.2d 674, 676, n2 (10th Cir) cert. denied, 510 U.S. 937
(1993) Bryan v. Duckworth, 88 f.3d 431, 432-33 (7th
Cir.1996) ( the petition is not moot unless there is no
possibility that the conviction will have "collateral
consequences" which is to say an adverse effect on him at
some future time in this case the lower courts two
different sets of rulings in two different courts from the
same judge on the same case.

2.2 petitioner has been stating to the Florida State Court
since 1997 that his Constitutional rights were being
violated in some form, shape, or fashion verbally and in
his own briefs presented to the lower court. This court has
personal jurisdiction over the parties. Respondents have
substantial contacts in this district including lobbying
and legal representatives.

2.3. The Lower, Seventh Judicial Circuit Court, Fifth
District Court of Appeals and Supreme Courts of Florida
ignored petitioners Federal Constitutional and State

constitutional claims complained about in his own briefs
and verbally, The United States District Court in
Washington, District of Columbia has jurisdiction over this
petition for a Writ of Habeas Corpus pursuant to 28 U. S.
C. ss 2254 and 1331. President George W. Bush reauthorized
into Law on January 5 2006 the unconstitutional Violence
Against Women Act public law #109-162 predecessor laws
include Violence Against Women's Act of 2000 reauthorized
by President Clinton and was entitled public law #106-386
and Violence Against Women Act 199 which was entitled
public law #103-322 this act is what precipitated
petitioner and petitioners children's loss of
constitutional rights, property, reputation and ultimately
freedom and subjected petitioner and his minor children to
an Impartial Tribunal, Cruel and Unusual punishment, loss
of Due Process and Equity. Marshall v. Jerrico, Inc., 46
u.S. 238, 100 S. Ct. 1610 64 L. Ed. 2d 182 (1980) The
Supreme Court said "The Due Process Clause entitles  a
person to an impartial and disinterested tribunal in both
civil and criminal cases. This requirement of neutrality in
adjudicative proceedings safeguards the two central
concerns of procedural due process, the prevention of
unjustified or mistaken deprivations and the promotion of
participation and dialogue by affected individuals in the
decision-making process…… The neutrality requirement helps
to guarantee that life, liberty, or property will not be
taken on the basis of an erroneous or distorted conception

11

of the facts or the law….. At the same time, it preserves both the appearance and reality of fairness, " generating the feeling, so important to a popular government, that justice has been done,"… by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him. 46 U.S. at 242, 100 S Ct. at 1613 (citations omitted)

2.4. A writ of Habeas Corpus can be used to challenge the custody of a child when the existing custody was entered by a court which did not have jurisdiction of the matter. Also in Brown V. Vasquez, 952 F.2d 1164, 1166 (9th Cir. 1991), cert. denied, 112 S. Ct. 1778 (1992) "the Supreme Court has recognized the fact that the writ of Habeas Corpus is the fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action". and in Harris v. Nelson, 394 U.S. 286, 290-91 (1969) Therefore, the writ must be "administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected."
Jurisdiction is proper because 490 U.S. 488 492 (per curiam) (court has "very liberally construed the 'in custody' requirement for purposes of federal habeas and found "custody" whenever "petitioner suffers [some] present restraint from a conviction") supra ss 2.2 n. 13. 2. 4. And

12

Steinberg v. Police Court, 610 f.2d 449, 453 (6th Cir. 1979)
In this case petitioner suffers restraint from several
convictions and adjudications regarding his visitation and
child support and liberty and reputation.


1) Petitioner is "in custody" "Indefinitely" pursuant to a
judgment of contempt from a Florida Family State Court St.
Johns County.
{The Supreme Court confirmed the fundamental right of a
citizen to be free from involuntary, indefinite confinement
without due process Hamdi v. Rumsfeld 124 S. Ct. 2633,
2647, (2004): id. at 2661(Scalia, J., dissenting)see also
Rasul v. Bush, 124 S. Ct. 2686, 2692 (2004)}

  when petitioner was under the legal jurisdiction of a
Florida State Dependency Court St. Johns County
simultaneously pursuant to interpretation of VAWA 2005
which authorizes the Seventh Judicial Circuit Court and
Public agencies to act unconstitutionally, Further, A Writ
of Habeas Corpus can be used to challenge the custody of a
child when the existing custody order was entered by a
court which did not have jurisdiction of the matter, In Re
Miller, 12 Ohio St. 3d 0, 65 N. E. 2d 397 (1984)and a
habeas proceeding can determine whether the prior custody
order is void because the issuing court lacked the
jurisdiction, or the legal authority, to make the order. J.
V. by Le-vine v. Barron, 112 Wis. 2d 256, 332 N. W. 2d. 796
(1983) The lower court did not have jurisdiction over

petitioners children to place them with the mother and the
collateral disability which is the result of the
respondents actions has impacted tremendously his once
excellently bonded and trusting relationship with his minor
children and his children who have become of age and will
continue to impact that relationship for years to come and
his personal, public reputation, his health any future
child custody procedures not only concerning his 4 minor
children but his grand children as well. Lastly, contrary
to popular understanding Florida social service agencies
have tagged Petitioner as a domestically violent person and
refers to him as such when any inquiry is made about
petitioners person.  See Steinberg v. Police Court of
Albany, N.Y., 610 F. 2d 49, (6th Cir. 1979)

2.5. Jurisdiction is proper because the Violence Against
Women Act Reauthorization originated at the House and
Senate of the Capitol of the United States and was passed
and signed into the law of the Land of these United States
by the President of the U.S. George W. Bush in Washington
D.C.

2.6. Jurisdiction is proper because
Petitioner seeks relief on the ground that his the process
for his imprisonment, sentence and final custody of his
children and his children's treatment and placement in
foster care and final custody are in violation of his

rights and their rights under the laws, statutes and
treaties of the United States Constitution and because
petitioner has had ineffective assistance of counsel.


2.7 Jurisdiction is proper because Petitioners court
appointed Lawyers were tantamount to "window dressing", and
petitioners Pro Bono Attorneys Timothy A. Straus and Ryan
Truskoski put petitioner under duress and only would argue
one point of his entire case in a "Motion for Rehearing" on
the Fifth District's Court of Appeals opinion based on
Petitioners briefs Said pro bone attorney would only argue
"The right to counsel" but refused to base it on
petitioners mental health but argued everyone is entitled
to legal counsel when petitioner knew that his right to
counsel should have been based on his mental health and was
basically "used"  by Straus and Truskoski to argue a weak
legal position further putting petitioner in jeopardy
Petitioner was ordered by the State of Florida to represent
himself and then denied the right to properly represent
himself  and all of this effectively amounted to denial to
self representation and ineffective assistance of counsel
which is structural [error] and thus [is] subject to
automatic reversal Johnson v. United States, Supra 520 U.S.
at 469 which amounted to petitioners Fourth Amendment right
to litigate full and fair being violated

2.8 Jurisdiction is proper because " if no direct appeal was sought, the triggering event is the expiration of the time for filing such an appeal" Mosier v. United States, 402 F. 3d 116, 118 ( 2d Cir. 2005) (per Curiam)

2.9 Jurisdiction is proper because petitioner has exhausted both Dependency CJA02-1025 and CA97-541 Florida State claims.

2.10 Jurisdiction is proper because relief is requested based on the actions of the President and the United States Congress.

## 3. **VENUE**

3.1. Venue is proper in this court under 28 U.S.C. ss 1391 (b) and (e) since a substantial part of the events, acts, and omissions giving rise to the claim occurred in this district and a Respondent may be found in the district, *See Rasul, 542 U.S. at__, 124* S. Ct. at 2698:

3.2. Venue is proper because petitioner was subjected to Two Domestic Violence Restraining orders in 1997 authorized By the Violence Against Womens Act. which was abated into CA97-541 and all actions and occurrences resulting from that restraining order resulted in petitioner and his minor children being denied their constitutional rights.

3.3 Venue is proper based on National Security reasons as a

16

United States President George W. Bush is a respondent to
this Action.


### 4. **PROCEDURAL HISTORY**


Petitioners former wife Monica Leigh ruggiero A. k. A.

Flynn, Leigh and Jones filed for divorce in N.Y. And then

withdraw her petition by not appearing in court and

permanent physical joint custody was awarded to both

Petitioner and his former wife. Then to reconcile their

marriage parties moved to St. Augustine Florida, after

residency was established Prior to the divorce of May 28,

1997 Monica Jones A.k.a. Leigh, Ruggiero, Flynn, made

accusations to the Law enforcement authorities in the city

of St. Augustine and St Johns County under the legal

jurisdiction of the Seventh Judicial Circuit Court,

regarding Domestic violence, and Kidnapping, under the

Violence Against Women's Act of 1994 in the clerks of the

circuit courts office a two week injunction was entered

until hearing. At the hearing two weeks later Petitioner

denied the allegations and ascertained that Domestic

Violence was being used by former wife to gain the upper

hand in the pending child custody  proceedings petitioner

further proved that Ms. Jones was actually taking the

children down to the public beach to see petitioner when

the restraining order was in force. The Domestic Violence

petition was dismissed. On the day of the Domestic Violence petition dismissal Ms. Jones filed for divorce and kidnapped the children depositing them alone in an abuse shelter during the divorce proceedings. Ms. Jones A.K.A. Ruggiero refused to disclosed to then presiding judge Mathis where the children were until she was awarded custody. Ms. Jones prevailed in being awarded physical custody of the children yet the divorce court found that she had denied visitation and concealed the children and awarded joint custody to both parents. From May 28th 1997 until August 1997 after the Divorce Former Wife continued to deny visitation and make new complaints to law enforcement in the City of St. Augustine and St. Johns County, Fl under the Violence Against Women Act of 1994 Ms. Jones moved the Seventh Judicial Circuit Court to appoint a new judge and Judge John Alexander entered into the proceedings. Because petitioner complained to the court about the relationship involving His Former wife and her former attorney Evert F. Jones Esq. judge Alexander stated he didn't want to hear that kind of talk and entered the Restraining Order. From August 1997 until Thanksgiving day 2002 former wife used the Violence against Women's Act of 1994 against petitioner in Judge John Alexander presiding. Petitioner denied the allegations and requested local law enforcement and the Seventh Judicial Circuit Court to conduct the required investigations and hearings concerning VAWA of 1994 and specifically alleged to the Seventh

Judicial Circuit Court and Local Law enforcement that

1) his Daughter C.M. Ruggiero was being abused

2) his other seven children were being neglected and abused

3) that Former wife was using Domestic Violence to gain advantage in legal proceedings and committing perjury under the VAWA of 1994.

4) that he was being denied his constitutional rights and the Violence Against Women's Act was not being administered properly according to law.

5) that he was being illegally and unconstitutionally denied proper child support modification hearing. Subsequently On Thanksgiving Day of 2002 After years of litigation and two reversals on judge Alexander petitioners child C.M. Ruggiero escaped from her abusers and sent the aforementioned proceedings into the Dependency court of the State of Florida CJ02-1025 whereas previously proceedings were conducted in Florida Family Court CA97-541 with the domestic violence being Abated into the Family court proceedings. Consequently from 2002 until present Judge John Alexander Seventh Judicial Circuit court deliberated over proceedings in both courts simultaneously. Adjudicating both cases to the determinate of both petitioner and his minor children denying petitioner to participate in proceedings of CJ02-1025, When petitioner Pro Se appealed both adjudications of the lower court under CJ02-1025 and CA97-541 the Fifth District Court of Appeals Reversed the lower court entirely in the lower Dependency

court of CJ02-1025 and ordered a "REUNIFICATION HEARING"
However they did not rule on legal questions regarding
jurisdiction, constitutional rights and right to
representation based on mental health and they affirmed the
same complaints under the lower courts rulings in CA97-541.

### 4. EXHAUSTION RULE

The Supreme Court of Florida refused jurisdictions in both
Cases.


                    Statement:

    I will not say "Your Honor" in lieu of "Your Highness"


### 5. **GROUNDS FOR RELIEF**


The grounds for which petitioner contends that the Violence
Against Women's Act of 1994, its subsequent
reauthorizations and the implementation of Act itself are
unconstitutional. Petitioner also contends his arrests and
detentions under the VAWA were unconstitutional. The
process which Petitioners denial of Visitation, separation
from his children for eight years were illegal and
unconstitutional. The findings of child support contempt
were illegal and constitutional. The lower courts findings
of fact were illegal and unconstitutional. The lower courts
orders including Custody, Visitation, Foster care, Child

20

Support, and Domestic Violence were unconstitutional. The
treatment and care of his Eight Children were and is
unconstitutional. The operation of Florida State Dependency
court and Family Court are unconstitutional and illegal.
Petitioner also contends his being denied to properly
represent himself were unconstitutional and the failure of
the Lower circuit, Appeals and Supreme court of Florida to
address the constitutional questions raised by petitioner
are not only unconstitutional but contrary to the spirit of
the Constitution of the United States further petitioner
states

In March of 1997 Petitioner called the St. Augustine police
because of a domestic situation involving his former wife
at his home on 11 Rode Ave in St. Augustine Florida.
Petitioner had to go down to the corner store to telephone
police because petitioners wife was being violent and
disruptive in the home and when petitioner stated he was
going to call the police former wife ripped the phone out
of the wall and left with the family car. When a police
officer arrived petitioner explained what was going on and
the St. Augustine police officer told petitioner to "go to
Social Services" petitioner was a real victim of domestic
violence and the officer purposely misinformed him on how
to deal with the situation because the officer was part of
a conspiracy by former wife her attorney and lover Evert
Jones and other law enforcement officials who had already
planed to remove petitioner from his home using the VAWA.

The next day petitioner was served with a VAWA restraining Order personally signed By then Sheriff Neil Perry of St. Johns County Sheriffs office which effectively terminated petitioners marriage contract on the spot and his relationship with his eight children. Unbeknownst to petitioner at that time Sheriff Perry and Evert Jones Esq. petitioners former wife's attorney had a close working relationship Evert Jones did legal work for the Sheriffs office and were close personal friends who supported each other in various civic functions and elections, including Mr. Jones Bid For Judgeship (that is currently held by Judge John Alexander) this relationship influenced the actions of the St Johns County Sheriffs officers, St. Augustine police The Clerk of the Circuit courts office, St johns School District and many others in and around St. Johns County for the next eight years depriving petitioner and petitioners children of his and their constitutional rights.

Petitioner was arrested at Flagler hospital in St. Augustine Florida for attempting to find out about his daughter who was hospitalized there for an emergency appendectomy. The arrest was illegal and unconstitutional and the grounds for arrest were illegal and unconstitutional. The arresting Officer Sgt. Smith of the St. Johns County Sheriff Office has since been promoted to Detective.  She and other officers of the St. Johns County Sheriffs office used their Legal Authority to deprive

22

petitioner of his constitutional rights by never conducting

the proper investigations according to the VAWA of 1994 to

determine if petitioners former wife was an actual victim

of abuse.

Some of the aforementioned parties above never investigated

petitioner or petitioner children's claims of abuse by

evert Jones or ms. Jones Petitioner further states that the

denial to participate in Department of Children and

Families Dependency court proceedings, The process for

placing his daughter placed in foster care, the process

were illegal and unconstitutional. The use of his mental

health conditions against him while denying petitioner

legal counsel, His requests for a new judge, Judge bias and

impartial hearings was unconstitutional and illegal. He

further states that the Department of Children's and

families attempt to coerce petitioner to sign adoption

papers regarding his daughter C.M. Ruggiero while he was

being illegally detained was unconstitutional and illegal

after charges against him were dismissed by the lower

court.


### Claim 1


The "Violence Against Women and Department of Justice

Reauthorization Act of 2005 PUBLIC LAW NO: 109-162 and its

predecessor laws "Violence Against Women Act  2000

reauthorized by President Clinton entitled public law #106-

386 and "The Violence Against Women Act of 1994 (108 Stat.

1902 et seq.) is illegal and unconstitutional violating the

Fourth Amendment right of the people to be secure in their
persons, houses, papers,

and effects, against unreasonable searches and seizures,
shall not be violated, and no

warrants shall issue, but upon probable cause, supported by
oath or affirmation, and

particularly describing the place to be searched, and the
persons or things to be seize

In all criminal prosecutions, the accused shall enjoy
the right to a speedy and public trial, by an impartial
jury of the state and district wherein the crime shall have
been committed, which district shall have been previously
ascertained by law, and to be informed of the nature and
cause of the accusation; to be confronted with the
witnesses against him; to have compulsory process for
obtaining witnesses in his favor, and to have the
assistance of counsel for his defense.


Sixth Amendment, Eight Amendment, Ninth Amendment and Tenth

Amendments. Further  The "Violence Against Women and

Department of Justice Reauthorization Act of 2005 PUBLIC

LAW NO: 109-162 and its predecessor laws "Violence Against

Women Act  2000 reauthorized by President Clinton entitled

public law #106-386 and "The Violence Against Women Act of

1994 (108 Stat. 1902 et seq.) Violates Article One,

Sections Nine and Section Ten and Article Three Section Two

of the Constitution of the United States. The Violence

Against Women Act of 1994 also referred to as public No:

109-162 and its subsequent reauthorizations of 2000 and

2005 now known as the "Violence Against Women's Act and Department of Justice Reauthorization Act of 2005" also known as Public Law No: 109-162 is in violation of

A) Article One section Nine of The Constitution of the United States which clearly states "No Bills of Attainder" "shall be passed" and Article One Section Ten which clearly states " no state shall pass any "Bills of Attainder" yet the United States Congress has done just that and has ordered the States to uphold it. The Violence Against Women Act and Department of Justice Reauthorization Act of 2005 singles out any person or persons in a "relationship" and places restraints on the Liberty, Freedom of Speech and movement to come and go anywhere they please without a trial. This is nothing more than a " Bill of Attainder " explicitly denied Congress by the Constitution of the United States

B) Article One and Section ten of the Constitution of the United States clearly states " No state shall pass any law impairing the obligation of contracts" and yet the United States Congress has passed a law that orders the States to do that very thing. When a restraining order is entered at the behest of a spouse for whatever reason, factual or not without an immediate hearing and it is served by the State government on any legally Married person in these United States that married person is immediately ordered to cease and desist in any and all obligations they have in regards

25

to the Marriage contract. The respondent of any orders
under the VAWA is effectively divorced on the "spot". If
the States have no constitutional right to pass laws that
impair the obligation of a contract what right does the
U.S. Government have in ordering the states to not only
impair but effectively end until further order of the court
the most common legally binding contract of all, The
Marriage contract.

C) petitioner was accused of capital crimes in a civil
court by former wife, The illegal and unconstitutional
Department of Children and Families and Judge John
Alexander
without the benefit of the constitutions protections.

### Claim 2.

Both The St. Johns County And St. Augustine Police
Departments violated petitioners Fourth amendments rights
on several occasions under the VAWA by arresting petitioner
and depriving him of his freedom for example, St Augustine
Police officers on March 26th 1997 under the authority of
"The Violence Against Women Act of 1994 (108 Stat. 1902 et
seq.) issued warrant CA97-444-56 and removed petitioner
from his home, papers and effects without probable cause,
without "particularly" describing the place to be seized,
in violation of petitioners Fourth Amendment rights of the
U.S. Constitution which guarantees a Citizens right to be
secure in their persons, homes, papers and effects.

Subsequently, for the next eight years aforementioned
parties filed false reports against petitioner and refuse
to investigate the complaints made by petitioner concerning
his daughter being molested or his former wife and her
divorce attorney abuse and neglect of petitioners children.


### Claim 3.

Under the Authority of "The Violence Against Women Act of
1994 (108 Stat. 1902 et seq.)petitioner was ordered to
appear by warrant in the Seventh Judicial Circuit Court to
answer to the "otherwise infamous" and "Capital crime" of
kidnapping without indictment of a Grand Jury, without
being informed of the nature or cause of the crime against
him in violation of his Fifth Amendment rights.


### Claim 4.

 Under the authority of the "The Violence Against Women Act
of 1994 (108 Stat. 1902 et seq.) The St. Johns Sheriffs
Department arrested petitioner at the Flaqler hospital, St.
Augustine Florida  The state court of Florida violated
petitioners First Amendment right for a redress of
grievances concerning Visitation Sixth Amendment right to
effective assistance of counsel and Sixth Amendment rights
to bring witness's into court on behalf of petitioner and
to substantiate claims of abuse and neglect of the children
under the VAWA some of the aforementioned parties, not

27

allowing him to represent himself properly by verbal, and
punitive intimidation in his orders, statements and written
findings of fact that were contrary to the actual facts.
For example On Feb.5 1999 upon entering Judge John
Alexander's chambers petitioner was yelled at in a hostile
and aggressive manner and told he wasn't allowed to
subpoena witnesses into court. On February 5, 1999
petitioner was told be quiet or you will attend this
hearing outside when petitioner lightly expressed objection
to new allegations made by former wife's attorney Mark
Parsons Esq. On March 2, 2003 petitioners former wife
brought a representative from The Department of Children
and Families into judges chambers when asked by presiding
Judge John M. Alexander if there were any pending
investigations the witness Terry Buckenmeyer responded "yes
a child was slapped in the face" before the witness could
finished his sentence the Judge stood partially up leaned
into petitioners face and yelled I thought I told you not
to go near these children then the witness yelled "no not
him the mother is being investigated." when petitioners
older brother came to hearing to tell judge about concerns
regarding petitioners daughter C.M. Ruggiero Judge
Alexander stated he didn't need to hear form him. It must
be noted at this time petitioners daughter was being
molested three times a week by former wife's half brother.

Claim 5.

Petitioners Seventh Amendment right to reexamine facts found at trial was violated by respondents and Florida State courts. When from March 9, 1997 until Dec 13, 2002 former wife and divorce attorney made false statements against former husband personally and in affidavits under the Violence Against Women Act, Florida Bar Association, to St Johns County Sheriffs Office, St. Augustine Police Department, Department and Children and Families, St. Johns County School District and also before Judge John Alexander under oath in a State of Florida Courthouse regarding Domestic Violence and abuse towards the children by petitioner and the Health and Welfare of the children. and those facts were found to be contrary in affidavits by the children and witness's to local law enforcement and the seventh judicial circuit court, in the Florida State Dependency Court, St. Johns County Sheriffs investigations and St. Johns County School Officials Investigations.

Claim 6.

The Florida Dependency court violated petitioners Fifth, Sixth, and Fourteenth amendment rights by removing petitioner from court room by police escort, right to confrontation of accusers and cross examination and

conducting numerous hearings and conferences and plans and health services and psychological services regarding petitioners children in petitioners absence and placing petitioners children in foster care without findings of fact in violation of petitioners Fourth Amendment right regarding probable cause and oaths or affirmations and the persons being seized.

Claim 7.

Petition received deficient legal counsel in violation of his Sixth Amendment right to effective assistance of counsel from the moment he asked both Florida State Family and Dependency court for legal representation verbally and in petition was denied legal representation and was forced to represent himself in all proceedings including appeals. Regardless of the finding of his mental health. The Florida State Appeals stated petitioner has history of mental heath issues however he was forced to represent himself violating his Eighth Amendment right to cruel and unusual punishment caused by the mental anguish of having to represent himself thus aggravating his mental condition which amounted to a form of Psychological torture.

Claim 8.

Petitioner received deficient legal representation during
all court proceedings be it civil or criminal court and in
his appeals in the Fifth District court of appeal Florida
and the Supreme Court of the State of Florida petitioners
violation of his Fourteenth Amendment right to due process
of law and ineffective assistance of counsel when attorneys
Timothy A. Straus and Ryan Truskososki Filed motion for
Rehearing pro bono on behalf of Petitioner when petitioner
told said attorneys that petitioner was entitled to
representation based on his mental health and attorneys
stated "no your entitled to representation period and
because said attorneys would only represent petitioner on
that one issue ignoring all petitioners other claims,
petitioner being under duress agreed to representation
based on petitioners understanding of the law as it is
written in statutes.

Claim 9.

Petitioners former wife Monica Leigh perjured herself in
Florida State court hearings, St. Johns County Sheriffs
child abuse and domestic violence investigations Department
and Children and Families investigations St. Johns County
School District investigations regarding facts pertaining
to petitioner, the children, the children's address's and
physical locations violating petitioner and petitioners
children's fourth Amendment right to be secure in their
persons, papers and effects against unreasonable searches

and seizures this also violated his civic right to the
pursuit of happiness. Petitioner Sixth amendment right to
not be put in jeopardy twice was violated by the lower
court having found petitioner guilty and not guilty
simultaneously in Dependency court and Family court of
Florida of the same charges.

Claim 10.

Petitioner asserts that Everett F. Jones Esq. violated
petitioners fourth Amendment right to be secure in his
person by using his position as former wife's divorce
attorney to manipulate her into a romance gain access to
her large inheritance and cause her to lie, misrepresent
the facts regarding proceeding involving all parties and
used his position as a leading legal representative with
badge of the St. Johns County Sheriff office to intimidate
petitioner, petitioners children, concerned citizens, and
agents of the Department of Children and Families which
deprived him of fair investigations including the amount of
time it took for St. Johns County Sheriff to investigate
the crimes committed against his daughter and deprive his
children of medical attention, and making false statements
regarding petitioner to legal authorities and the Florida
Bar Association.

CLAIM: 11

The State of Florida simultaneous operation of both the
Dependency Court and Family courts unconstitutionally, and
illegally deprived petitioner of his equal protection
rights under the Equal protection clause of the United
States and his Fifth Amendment right to be charged twice
for the same crime, Eight Amendment right to be free from
"cruel and unusual punishment" which it did when Judge
Alexander denied petitioner the right to prove his case in
court when it came to light petitioner was in the right all
along. Further the Fifth Districts ignored petitioner
Constitutional Claims in both Courts and in both claims
CA97-51 and CJA02-1025 and its mandating a Reunification
Hearing was nothing more than "window Dressing" as
petitioner was entitled to much more that that and the
remedy was wholly inadequate plus the court had already
established custody with former wife and the process for
that order was unconstitutional.


CLAIM: 12


The Seventh Judicial Circuit court violated petitioners
Fifth Amendment right by not granting his petition for
hearing to modify his child support and many other hearings
and yet ordered petitioners incarceration the most recent
2004 indefinitely.

CLAIM: 13

The Seventh Judicial Circuit Court violated petitioners 1st
Amendment right to petition the government for redress of
grievances by denying him to show the court that previous
erroneous adjurations were subject to be revisited and
reexamined and placing his children in foster care because
according to Florida statutes only one parent has to be
charged and admit guilt for the children to be confiscated
and detained illegally and unconstitutionally.


Claim: 14


The Florida state law that permit's the Department of
children and families to alleged acts committed by one
parent to obtain an adjudication as to only one parent is
illegal and unconstitutional based on the Ninth Amendment:
The Enumeration in the Constitution, of Certain rights,
shall not be construed to deny or disparage others retained
by the "people" in this case a parent who has already been
awarded joint custody and visitation rights and
specifically ordered by the court to be informed of his
children's welfare by a marriage decree and specifiable to
this case in the Dependency court the Department of
Children and Families has charges against only one parent
and no charges against the other parent and yet is
permitted by Florida State law to confiscate children from
the innocent parent who has already been found to be fit

34

and proper in a court of law when the uncharged parent
should be able to just "Take his children Home" and make
the children available for any hearing against a "charged"
parent if the child or children should be needed as
witnesses.

All the facts are not in this writ of Habeas Corpus
petitioner reserves right to amend upon new facts exposed
at requested evidentiary hearing.

### Claim: 15

Both the Florida Bar Association and the Florida Judicial
Qualifications Commission are illegal and unconstitutional
organizations and in violation of Article III Section 2 of
the Constitution of the U.S. which states "The Judicial
power shall extend to all cases, in Law and Equity "
arising under this constitution, the Laws of the United
States  to all cases affecting "public ministers" both the
Florida Bar Association and Judicial Commission operate
under a code of Ethics when in fact everything arising
under the Judicial power must operate "in Law and Equity"
further both organizations violated petitioners First
Amendment right to petition the government for a redress of
grievances because both organizations complaint filing and
investigation procedures are illegal and unconstitutional
when petitioner filed complaints against Judge Alexander

35

and former wife divorce attorney husband Evert Jones Esq.

Claim: 16

The St. Johns County School District its agents and legal
representative violated petitioners and petitioners
children's right to an education, First Amendment right to
petition the Government for a redress of grievances, by not
conducting the proper investigations into alleged abuse and
neglect when school social workers stated they saw signs of
abuse on petitioner minor child, found that petitioners
child was not living at the address provided to the Landrum
Middle School when School Social Workers went to the house
to investigate abuse, further they failed to use their
authority and position in the community to demand the St.
Johns County Sheriffs Department investigate why
petitioners daughter C.M. Ruggiero was abruptly withdrawn
from school all together and moved to a new location were
she was abused physically and Mentally and Sexually for
another three years without further inquiry from the school
district.  Because the Districts legal representatives and
teachers and/or agents of the St. Johns County School
sheriff's department that worked at the school and knew
Evert Jones Esq. and assisted in covering up petitioners
daughters abuse and denying access to records concerning
petitioners children.

36

Claim 17:

The Department of Children and Families illegally and unconstitutionally violated petitioner First, Fourth, Fifth, Sixth, Seventh, Eighth, ninth, amendments right by interfering with petitioners right to petition the government for a redress of grievances in when petitioner was trying to ascertain that his children were being abused the department of children and families were not conducting the proper investigations covering up the children's allegations of abuse concerning the mother and then appearing in court to testify against the father after the father was cleared of all allegations of abuse by trial and actually the department was investigating the mother for abuse allege by petitioners daughter C.M. Ruggiero, further the department of families allowed respondent to move petitioners children all over town and with different families violating children's right to be secure in their persons while actively fighting petitioner illegally and unlawfully in family court. After petitioner went from 1997 untill 2002 fighting for intervention of abuse on behalf of his daughter C.M. ruggiero and neglect of his other children The Department of Children and Families charged petitioner with allowing his daughter to be sexually abused violating fifth amendment right when DCF knew the facts to be completely false.

CLAIM 18

37

The Federal Bureau of Investigation refused to investigate petitioners request as required by the United States government under color of law the activities of Judge Alexander, Mark Parsons Esq., Evert F. Jones, Esq. the St. Johns County Sheriffs Department, The St. Johns County School District legal counsel, the Department of Children and Families Legal Counsel for conspiring to deny petitioner and his children of their legal right and constitutional guarantees, failure to report Child Sexual Abuse and actually trying to cover up the crimes against petitioners children and petitioner by filing false reports, false claims and other covert activity.

CLAIM 19

The Clerk of St. Johns County Implements and Discriminates against parties involved with Domestic Violence, and specifically the Clerks office lost petitioners legally filed paperwork, failed to route legal paperwork to the proper legal offices and/or agencies and intentionally administered the VAWA improperly.

Whereof, Petitioner to file this prays that this Court:

38

1.    Enter a writ of Habeas Corpus

1a.   Enforce Final Divorce Decree granted in St.
      Augustine Florida to the full extent of the Law.

2     Permit Petitioner to amend this Petition to include
      any additional claims or allegations not presently
      known to him or his counsel that are identified or
      uncovered in the course or review, discovery,
      investigation, and litigation of this habeas corpus
      petition.

3     Require Respondent to file an answer to this
      Petition in the form prescribed by Rule 5 of the
      Rules Governing § 2254 Cases in the United States
      District Court, identifying all state proceedings
      conducted in Petitioner's case, including any
      proceedings that have not been recorded or
      transcribed, and specifically admitting or denying
      the factual allegations set forth in this Petition.

4     Permit Petitioner to respond to nay affirmative
      defenses raised by Respondent in his Answer.

5     Require Respondent to bring forth and file with this
      Court accurate and complete copies of all documents
      and proceedings relating to Petitioner's conviction
      and sentence, including the records and transcripts
      in *the interests of C. Ruggiero, M. Ruggiero, E.
      Ruggiero, V. Ruggiero, M. Ruggiero CJA02-1025 and
      Ruggiero v. Ruggiero, Ruggiero v. Leigh Ca97-541*

6     Permit Petition to utilize the procedures for
      discovery in Habeas Corpus Rule 5, and Fed. R. Civ.
      P. 26-37, to the extent necessary to fully develop
      and identify the facts supporting this Petition, and
      any defenses thereto raised by Respondent's Answer.

7     Conduct an evidentiary hearing to resolve any
      factual disputes raised in relation to the claims in
      this Petition, by Respondent's answer to this
      Petition, or by Petitioner's Response to any of the
      affirmative defenses raised in Respondent's Answer.

8     Allow Petitioner sufficient time to brief the issue
      of law raised by this Petition.

9       Issue a writ of habeas corpus to direct Respondent to release the petitioner from custody, unless he is given a new trial or new proceedings are conducted to cure all constitutional defects in the state proceedings that resulted in Petitioner's present convictions and loss of Parental rights.

10.     Terminate Federal Funding of the Department of Children and Families.

11.     Terminate Federal Funding of the St. Augustine police Department.

12.     Terminate Federal Funding of the St. Johns County Sheriffs Department.

13.     Terminate Federal Funding of the St. Johns County School District

14.     Order the F.B.I. to investigate petitioners color of Law complaint concerning the DCF, Judge Alexander ,Mark Parsons Esq. Evert F. Jones, St. Augustine Police, St. Johns county sheriffs office and St. johns County School District.

15.     Order the State of Florida judiciary to reimburse petitioner all of his expenses incured by these events including, postage and filing fees, travel, food and lodging printing and please

        Grant such other and further relief as may be appropriate.

DATED this 19th day of March 2007.
Respectfully submitted,


Christopher Ruggiero Sr.
1235 Pine St.
Philadelphia, PA. 19107

40

07-547

RBW

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 1100 (
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Christopher Ruggiero Pro Se
1235 Pine St Philadelphia PA 19107

Case: 1:07-cv-00547
Assigned To : Walton, Reggie B.
Assign. Date : 03/19/2007
Description: RUGGIERO V. BUSH

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☑ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☑ **G.** *Habeas Corpus/ 2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☑ 530 Habeas Corpus-General<br>☑ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student<br>Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting<br>Rights Act) |

**V. ORIGIN**

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Arises under the Constitution, laws and treaties of the U.S. Including articles 1, 2, 3, and For The All writs Act.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐    ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint    **JURY DEMAND:** ☐ YES    ☑ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES    ☑ NO    If yes, please complete related case form.

**DATE** 3/19/07    SIGNATURE OF ATTORNEY OF RECORD    *by Rhy S- 3/19/05*    JC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

**VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

J:\forms\js-44.wpd