UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHRISTOPHER RUGGIERO, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civil Action No. 07-0547 (RBW) |
| GEORGE W. BUSH *et al.*, | ) ) ) |
| Respondents. | ) ) |

## MEMORANDUM OPINION

Petitioner, a resident of Philadelphia, Pennsylvania, has petitioned this Court for the issuance of a writ of *habeas corpus*.[1] Upon consideration of the petition, the Court determines that it lacks jurisdiction to entertain this case and, therefore, it will be dismissed.

Petitioner names as respondents President George W. Bush, Attorney General Alberto Gonzales, Sheriff David Shoar of St. Johns County, Florida, and his former wife, Monica L. Jones. The petition arises from domestic relations proceedings litigated in the Florida courts; thus, the basis for pursuing a writ of *habeas corpus* is questionable. *See* 28 U.S.C. § 2241(c) (2006) (requiring some form of custody as the basis for seeking habeas relief). Nevertheless, petitioner claims to be "'in custody' of the St. Johns County Sheriff Detention Center because he is not free to travel into or out of the State of Florida. . . without being further restrained and detained . . . ." Pet. at 5.

---

[1] Although petitioner also seeks injunctive and declaratory relief, *see* Petition ("Pet.") at 38-40, he submitted only $5.00 as his filing fee, which is the fee applicable to *habeas corpus* petitions. *See* 18 U.S.C. § 1914 (2006). The filing fee for civil actions seeking any other relief is $350.00. *Id*.

The proper respondent in *habeas corpus* cases is the petitioner's warden or immediate custodian. *Rumsfeld v. Padilla,* 546 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). Accepting petitioner's statement of custody as true, the only possible custodian among the list of respondents is Sheriff Shoar, who by petitioner's own acknowledgment is located in St. Augustine, Florida. Pet. at 1. And, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). This Court therefore lacks jurisdiction to entertain petitioner's *habeas corpus* petition.[2]

Date: April 17 , 2007

_____s/_____
Reggie B. Walton
United States District Judge

---

[2] A separate Order of dismissal accompanies this Memorandum Opinion.