UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

**RECEIVED**

MAY 1 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| CHRISTOPHER RUGGIERO | ) | File Number 07-0547(RBW) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Notice of Appeal |
| | ) | |
| GEORGE W. BUSH et al. | ) | |
| | ) | |
| Respondents, | ) | |

Notice is hereby given that Christopher Ruggiero, plaintiff in the above named case, hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from an Order of Dismissal based on a Memorandum Opinion entered in this action on the 17th day of April, 2007.

Pro Se
Christopher Ruggiero
1235 Pine St.
Philadelphia, PA
19107

5-14-07

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER RUGGIERO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 07-0547 (RBW) |
| ) | |
| GEORGE W. BUSH *et al.*, ) | |
| ) | |
| Respondents. ) | |

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is

**ORDERED** that this case is **DISMISSED** without prejudice for lack of jurisdiction.

This is a final appealable Order.

_____s/_____
Reggie B. Walton
Date: April 17, 2007                     United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER RUGGIERO,  )<br>  )<br>Petitioner,  )<br>  )<br>v.  )<br>  )<br>GEORGE W. BUSH et al.,  )<br>  )<br>Respondents.  )<br>_____) | Civil Action No. 07-0547 (RBW) |

## MEMORANDUM OPINION

Petitioner, a resident of Philadelphia, Pennsylvania, has petitioned this Court for the issuance of a writ of *habeas corpus*.[1] Upon consideration of the petition, the Court determines that it lacks jurisdiction to entertain this case and, therefore, it will be dismissed.

Petitioner names as respondents President George W. Bush, Attorney General Alberto Gonzales, Sheriff David Shoar of St. Johns County, Florida, and his former wife, Monica L. Jones. The petition arises from domestic relations proceedings litigated in the Florida courts; thus, the basis for pursuing a writ of *habeas corpus* is questionable. *See* 28 U.S.C. § 2241(c) (2006) (requiring some form of custody as the basis for seeking habeas relief). Nevertheless, petitioner claims to be "'in custody' of the St. Johns County Sheriff Detention Center because he is not free to travel into or out of the State of Florida . . . without being further restrained and detained . . . ." Pet. at 5.

---

[1] Although petitioner also seeks injunctive and declaratory relief, *see* Petition ("Pet.") at 38-40, he submitted only $5.00 as his filing fee, which is the fee applicable to *habeas corpus* petitions. *See* 18 U.S.C. § 1914 (2006). The filing fee for civil actions seeking any other relief is $350.00. *Id.*

The proper respondent in *habeas corpus* cases is the petitioner's warden or immediate custodian. *Rumsfeld v. Padilla*, 546 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). Accepting petitioner's statement of custody as true, the only possible custodian among the list of respondents is Sheriff Shoar, who by petitioner's own acknowledgment is located in St. Augustine, Florida. Pet. at 1. And, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). This Court therefore lacks jurisdiction to entertain petitioner's *habeas corpus* petition.[2]

_____s/_____<br>Reggie B. Walton<br>United States District Judge

Date: April 17, 2007

---

[2] A separate Order of dismissal accompanies this Memorandum Opinion.